Emma Jean **KUZNIK**, Plaintiff–Appellant,

v.

**STATE FARM INSURANCE COMPANY**, Defendant–Appellee.

No. 00–4206.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

*ORDER*

Emma Jean Kuznik, represented by counsel, appeals a district court judgment dismissing her state law complaint, which was removed to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1331 and 1441. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Kuznik filed suit against State Farm Insurance Company (State Farm) in state court, and the case was later removed to the United States District Court for the Northern District of Ohio. Kuznik claimed that: 1) the defendant breached its contract; and 2) the defendant acted in bad faith, and with actual malice, when it denied her insurance claims. The parties consented to submit the case to a magistrate judge. Thereafter, State Farm filed a motion for summary judgment, and Kuznik filed an

affidavit in response. Upon review, the magistrate judge granted State Farm's motion to strike a portion of Kuznik's affidavit because it was based on inadmissible hearsay. The magistrate judge also concluded that Kuznik's first claim was barred by a one-year limitations period set forth in her insurance policy and that she had not presented sufficient evidence to indicate that State Farm had acted in bad faith when it denied her insurance claims. Hence, the magistrate judge granted State Farm's motion for summary judgment.

Kuznik has filed a timely appeal, essentially reasserting her claims. She also argues that the magistrate judge improperly struck portions of her affidavit, and that her second claim is not barred by the one-year limitations period set forth in the insurance policy.

■ Upon review, we conclude that the magistrate judge properly granted summary judgment to State Farm for the reasons stated in his September 8, 2000, memorandum opinion and order. *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). State Farm met its initial burden of showing an absence of evidence to support Kuznik's claims. *See Metro Communications Co. v. Ameritech Mobile Communications, Inc.,* 984 F.2d 739, 742 (6th Cir.1993). Kuznik's breach of contract claim is time-barred under the provisions of her insurance policy. *See, e.g., Hounshell v. American States Ins. Co.,* 67 Ohio St.2d 427, 430, 424 N.E.2d 311 (1981) (under Ohio law, a suit limitation provision set forth in an insurance policy is valid and enforceable, so long as the period of limitation is reasonable). Moreover, contrary to Kuznik's argument, State Farm did not waive the one-year limitations period. Kuznik did not

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern Dis-    trict of Florida, sitting by designation.

present any evidence that State Farm caused Kuznik to delay filing her suit by indicating that her claims might be covered under the policy.

 State Farm also met its initial burden of showing an absence of evidence to support Kuznik's "bad faith" claim. Kuznik did not establish that State Farm lacked any reasonable justification to support its denial of her insurance claim to establish "bad faith" and recover extra-contractual damages. *Thomas v. Allstate*, 974 F.2d 706, 711 (6th Cir.1992).

 Finally, the magistrate judge did not abuse his discretion when he struck a portion of Kuznik's affidavit in support of her response to State Farm's summary judgment motion. *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1203 (7th Cir. 1995). The magistrate judge properly struck information from Kuznik's affidavit because the alleged statement constituted inadmissible evidence under Fed.R.Evid. 801(d)(2). Nonetheless, even if the information did not constitute inadmissible hearsay, Kuznik would be barred from introducing it because the alleged statement had not been reduced to writing, as required by her insurance policy.

Accordingly, we affirm the district court's judgment.